Kentucky Tobacco Association *v.* Wm. Halladay & Co.

**Corporations—Authority of Agent.**

    An agent of a corporation has no power to buy from himself, unless the transaction is ratified by the corporation.

**Corporations—Recovery for Property Appropriated by.**

Where, in the absence of a contract, property has been appropriated by a corporation to its use, only the value of the property can be recovered.

**Exceptions, Bill of—Time of Tender of Bill.**

Where the bill of evidence has been tendered in time and the time of filing has been postponed by the court of its own motion, the provisions of the Code were complied with.

APPEAL FROM JEFFERSON CIRCUIT COURT.

June 10, 1874.

OPINION BY JUDGE PRYOR:

The affidavit filed by the appellant, although contradicting statements of the existence of facts important to the defense, was not such as authorized the court below, for the reasons therein given, to sustain the motion for a new trial. If the appellant was surprised at the disclosures made by the appellee with reference to the contract, a motion should have been made, at the time, to set aside the swearing of the jury and continue the cause; the appellant saw proper to speculate upon the chances of a verdict in its favor, and now complains because the court refused to grant a new trial upon what might have been proven at the time by the exercise of even ordinary diligence. We are satisfied, however, that the ends of justice require that this case should be reversed. There is no authority shown by any corporate act of the board of directors or otherwise, to make the contract upon which the right of recovery in the action is based. The appellees' own proof shows that the contract was made with Taylor in the absence of any power conferred by the law organizing the association, and with reference to property that did not necessarily pertain to its legitimate business. The president, secretary and manager were empowered to transact the ordinary or usual business of the corporation in the absence of any action by the directors, but not to purchase patents or speculate in machinery without the consent of the board. The contract is alleged to have been made with the president and secretary; that is, the president and secretary, without the consent of the directors, constitute two out of three of the parties who make this purchase.

They purchased their individual property, in the name of the corpo-
ration, making themselves vendors and vendees without the sanc-
tion, so far as this record shows, of the corporate body, when, in-
deed, it was their duty to protect. It is true that the real plaintiff
in the action swears that he became interested in the contract after
it was made. This is doubtless true, but if so, the facts should
have been alleged in his petition. There was no objection made or
exception taken as to the manner in which the action was instituted,
or upon the question of variance between the contract as alleged
and the proof; and but for the want of authority in these parties
to make any such contract, these objections could not now be relied
on in this court, and are only alluded to, in order that the pleadings
may be amended upon the return of the cause. If the presses were
really for the corporation, and applied to its uses, the law would
imply a contract to pay what they were reasonably worth. The
fact that nine of the presses had been received by the company
is competent evidence upon the question as to whether the remain-
ing eleven were so purchased and used; but Taylor and Halladay
had no power to make contracts with each other, in reference to the
property, without the authority of the directors. Unless such au-
thority is shown, the appellees are entitled to recover, in the event
the presses were applied to the uses of the corporation, only their
real value. Members of a corporation can not separately and indi-
vidually give their covenant in such manner as to oblige themselves
as a collective body. There must be a corporate meeting with
corporate action, by vote or otherwise, to constitute a binding con-
tract. Angell & Ames, on Corporations, page 231. It is true that
corporations may contract by an agent, or in the names provided
by the act of incorporation; but the agent has no power to buy
from himself; nor is such a contract binding unless ratified by cor-
porate action. It may be shown, however, that a contract was made
with no entry thereof, by reason of neglect or otherwise, on the
books in which the proceedings of the corporation are kept, or that
the property claimed to have been sold was appropriated to the
uses of the corporation; and in the absence of any contract the
value of the property alone can be recovered. The bill of evidence
constitutes a part of the record. The bill was tendered, and the
court, of its own motion, postponed the filing; when the exceptions
are tendered, the provisions of the code must be regarded as com-
plied with when the continuance or postponement of the filing is

attributed, as in this case, to the action of the court alone.  The judgment of the court below is reversed and cause remanded with directions to award the appellant a new trial and for further proceedings consistent with this opinion.  The parties should be allowed to amend their pleadings.

*Clemmons & Willis, for appellant.*

*W. Mix, for appellees.*